E. L. STROHECKER, plaintiff in error, *vs.* THE ALABAMA & CHATTANOOGA RAILROAD COMPANY, defendant in error.

Where A filed his bill against a railroad company, alleging that they were proceeding to sequester a spring of water belonging to him a quarter of a mile of the line of the road, without his consent, and had laid pipes through his land to obtain it, and were using the water, and the bill asked for injunction, etc., and on the hearing the Judge dismissed the bill for want of equity:

*Held,* Under the facts alleged in the bill and upon the construction of the charter of said road, the Court erred in dismissing the bill, it not appearing that the water is indispensable and cannot otherwise be obtained, and upon the view that there is, *prima facie,* a case made for equity jurisdiction entitling the complainant to a hearing.

Railroad Companies.   Private Property for Public Use. Water-courses.   Before Judge PARROTT.   Dade Superior Court.   November, 1870.

Strohecker averred that he owned certain land on which, about a quarter of a mile from the Alabama & Chattanooga Railroad, was a perennial spring, which greatly increased the value of said land, which was valuable for agricultural purposes, and especially because it was rich in iron ore; that said the said railroad company had been trespassing upon said land, laying down pipes, etc., by which to conduct the water from said spring out of its usual channel into a tank of defendant's, and were, against his remonstrances, proceeding to get a permanent right to repeat said acts, under pretence that their charter permitted them to take the

easement and have the damages therefor appraised. This right was denied, and injunction against such trespass, etc., was prayed for.

The defendants answered, that Strohecker and Nesbit, as agents for the former owners of said land, gave them certain privileges, which included taking said water, and subsequently Strohecker bought the property, knowing that, in consideration of such permission, the company had built its road, etc., on such land, so as to enhance its value, etc. Further, they said that they had a right, under their charter, to take said water, and for that purpose to enter upon said land, upon paying just compensation. They had offered just compensation, but Strohecker demanded an extortionate price, and they had appeared to have the damages assessed according to said charter. They averred that this spring was of but little use to Strohecker, because he had enough other water on his land, and of great advantage to them, because it was so situated that the tank supplied by it could not be supplied well from any other source, and said tank was necessary in the proper furnishing of said road with water. These things were set out with the reasons *in extenso.* Upon filing this answer, they also demurred to said bill for want of equity. And they moved to dismiss the bill for want of equity, or at any rate to dissolve the injunction, because the equity, if any, was sworn off by the answer.

On the hearing, Strohecker and Nesbit, by affidavits, denied the permission to use said water as alleged, and that the other streams rendered this of but little use to said land, stating the matters at large. The Chancellor dismissed the bill. That is assigned as error.

W. H. Dabney, for plaintiff in error.

D. A. Walker; E. D. Graham, for defendant. Statutory remedy for taking private property for public use ousts equity of jurisdiction: 1. Red. on R. Ways, 296, 336; Am. R. Way Cas., 166 *et seq.*, note. Legislature determines right

of eminent domain, etc.: R. Code, secs. 2196, 2199; 29 Ga. R., 341, 344, 354–5; 2 Kent's Com., 341; 1 Redf. on R. Ways, 258. Extent of grant to take land: 1 Redf. on R. Ways, 392; 3 Zabr., (Vt. R.,) 510. Water is land: R. Code, sec. 2205.

LOCHRANE, C. J.

It appears, from the record in this case, that Strohecker filed his bill alleging his ownership of a certain spring lying some quarter of a mile from the line of defendant's road, to which they had laid down pipes for the purpose of conveying so much of the water as is needed at their tank erected at said road. He avers the spring to be of value to him in the development of iron ore, for which this land is valuable. The bill goes on to allege that this has been done without his consent, and that the defendants are about to put in new pipes, and claim the right, under their charter, to sequester the water to the use of the road, and have applied to the Ordinary of Dade county, under the provisions of their charter, to institute proceedings to assess the damage for such taking of the water and the right of way thereto.

The injunction prayed for and order of the Judge thereon elicited the answer of the defendant. But, inasmuch as the Judge below dismissed this bill for want of equity, upon demurrer, we will confine ourselves to the question raised by the bill and the rights of defendants under their charter.

The section of the charter relied on, is in these words: " When any person shall feel himself aggrieved by the said railroad being carried through his or her land, or by the use of the timber or other materials from any lands in the neighborhood of said road, or by any other works of said company, or when the said company cannot agree with any person through or on whose land the said railroad or appendages shall be constructed, or from whose lands timber or other materials shall be taken for the use of the said road," etc. Provision is then made for the ascertainment of dam-

ages, which is alleged to be, in this case, instituted by the defendant.

This charter is more liberal in its grant than ordinarily is found in the railroad corporations of this State. It contemplates more than the naked right-of-way, and it would be too narrow a view of the intention of the Legislature, expressed by the terms of this charter, so to hold. The State of Georgia has the right, for railroad purposes, to legislate wide powers to such corporations, in every way facilitating their construction and maintenance; and if water is indispensable and cannot be otherwise obtained, the sequestration of springs contiguous to the road, not at the time in use, may be within the scope and comprehension of the grant as appurtenant thereto. But, under the facts presented by the bill alone, and intimating no opinion upon the right of the party to injunction or otherwise, we think there is sufficient equity in the bill to retain it for a hearing, and let the answer and proof in the case be tried and determined.

Judgment reversed.